**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ESTRELLA, et al.,

                                 Plaintiffs,

      -against-

P.R. PAINTING CORP., et al.,

                                Defendants.
---------------------------------------------------------X

**ORDER**

CV 06-0717 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    BACKGROUND**

This is a motion under Fed. R. Civ. P. 4(d) for costs incurred by the Plaintiffs in effectuating service on the Defendants after the Defendants failed to comply with Plaintiffs' request to execute a waiver of service. *See* [DE 8]. On February 21, 2006, Plaintiffs mailed Defendants a notice of the lawsuit, copy of the complaint, request for waiver of service of summons, and a waiver of service of summons at Defendants' registered corporate address: 1460 Montauk Highway, Oakdale, New York 11769. No response was received, so formal service of process ensued on April 5, 2006. On May 1, 2006, Plaintiffs notified Defendants' counsel that they would file this motion unless Defendants voluntarily reimbursed Plaintiffs for the costs of service. In telephone calls on May 15 and 16, Defendants' counsel agreed to review the matter with his clients, with a final response forthcoming. Plaintiffs did not receive any such response. Therefore, Plaintiffs move for an order seeking reimbursement for the unnecessary costs of serving the summons, which includes $125 for service of process and attorney's fees totaling $643.33.

Defendants oppose the motion, arguing that service was improper as to the Defendant, Carole Roofing and Painting Corp. ("Carole"), since it no longer conducted business at the address at which it was served. *See* [DE 14]. Nonetheless, Defendants' counsel made appearances for both Defendants. Defendants also argue that service upon Carole is improper because the Plaintiffs did not work for Carole during the time period specified in the Complaint. Instead, Plaintiffs worked for one of the other named Defendants, P.R. Painting Corp.. Therefore, Defendants object to that portion of the $125 service of process fee attributable to the alleged improper service upon Carole. In addition, Defendants object to all of the claimed attorney's fees except for the line item described as "Draft motion for service costs," which totaled $442.50, claiming that all of the other expenses are "not related to the preparation of the application." The other itemized expenses were three telephone calls and one written correspondence to Defendants' counsel regarding costs of service and discovery, and photocopying and clerical work in support of the motion. *See* [DE 8].

## II.   DISCUSSION

Rule 4(d) of the Federal Rules of Civil Procedure was enacted to impose a duty on defendants to waive service of process absent good cause. To enforce this duty, Rule 4(d)(2) imposes the costs of an unnecessary service of process on the defendants. These costs may include reasonable attorney's fees for "any motion required to collect the costs of service." Fed. R. Civ. P. 4(d)(5). However, under Rule 4(d)(2), the court will not impose costs on the defendant if "good cause for the failure" to comply with the request for waiver is provided. Since Defendants have not offered any such "good cause," Plaintiff's motion is GRANTED in part and DENIED in part.

A. **"Good Cause" Defense**

The good cause defense is only available in rare circumstances. *See* Fed. R. Civ. P. 4(d) advisory committee's notes to the 1993 Amendments. For example, "good cause" is satisfied where a defendant did not receive the waiver request. *Id.* A belief as to the merits of the underlying action however, such as whether the complaint is unjust or unfounded, is not "good cause" sufficient to excuse failure to execute a waiver request. *See Morales v. Si Diamond Tech., Inc.*, No. 98-CV-8309, 1999 WL 144469, at *2 (S.D.N.Y. Mar. 17, 1999) (citing Fed. R. Civ. P. 4(d) Advisory Committee's notes and the instructions to the official "Waiver of Service of Summons" form found in Fed. R. Civ. P. Appendix of Forms, Form 1B).

Carole argues it should not have to bear the costs of service because the request for waiver was not delivered to its correct business address. *See* [DE 14]. Plaintiff's counsel notes that it used the address designated for service of process by the New York Department of State's Division of Corporations. *See* [DE 8]. Carole is not claiming that it did not receive the notice, only that the notice was not delivered to the right address. But its position is untenable since Carole, as a jural entity, is vested with the responsibility to maintain a correct registered service of process address with New York State. *See id.* (finding lack of good cause where party did not waive service of process because of delays in receiving the waiver request due to not maintaining a valid mailing address with its service agent). Therefore, it seems that the fault lies with the Defendant, since it is the one responsible for ensuring that its registered address with the state for purpose of process is correct. *See Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251, 253 (D. Minn. 1997); *see also Boss v. Avoxe Corp.*, 468 N.Y.S.2d 203, 204 (App. Div. 1983) (holding that corporate defendant was "obligated to keep a current address on file

with the Secretary of State."); *see generally*, N.Y. BUS. CORP. LAW § 306(b)(1) (McKinney 2006).

Carole next seeks to excuse itself from having to bear the costs of service by asserting that Plaintiffs were never employed by Carole. *See* [DE 14]. This proffer is the equivalent of refusing to waive service because of a belief that the complaint is unfounded—again, not good cause for failure to grant a waiver of service of process, as noted above. *See Morales,* 1999 WL 144469, at *2 (citing *Double "S" Truck Line, Inc.,* 171 F.R.D. at 253).

Therefore, the reasons Carole puts forth for failing to waive service do not constitute good cause under Rule 4 and Carole is liable for reimbursing Plaintiffs for the costs of the service of process.

### B. Reimbursable Costs

Rule 4(d) provides that the court "shall impose the costs subsequently incurred in effecting service on the defendant." These costs include the actual costs for service of process, but not the attorney's costs for arranging service of process. *See Morales,* 1999 WL 144469, at *4 (citing the Fed. R. Civ. P. 4, Supplementary Practice Commentary). Many authorities interpret Rule 4(d)(5) as limiting reimbursable attorney's fees to those directly related to the costs of making a motion for costs. *See Stapo Indus., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 126 (S.D.N.Y. 1999). On the other hand, some courts have interpreted Rule 4(d)(5)'s explicit mention of attorney's fees to be an exemplary, not an exclusive, allowable cost. *Id.* The reasoning behind the latter interpretation is that the purpose of Rule 4(d)'s cost-shifting provisions would be undermined by a narrow reading of the rule. *See id.*

Plaintiffs have requested $125 for service of process and attorney's fees totaling $643.33,

which includes (1) three telephone calls, (2) one written correspondence to Defendants' counsel requesting reimbursement for costs of service and discovery, and (3) photocopying and clerical work in support of the motion. *See* [DE 8]. Defendants contend that the only allowable cost under Rule 4 is the cost for drafting the motion to receive service costs. *See* [DE 14]. The application for $125 for service of process and $442.50 for drafting the motion is granted since such costs are permitted under Rule 4. The $14.00 charge for secretarial and photocopying expenses associated with preparing the motion is also reasonable under the circumstances. Finally, the $98.33 charge for correspondence, written pursuant to Local Civil Rule 26.5 (requiring cooperation among counsel during discovery), to opposing counsel which offered Defendants the opportunity to voluntarily reimburse Plaintiffs for the $125 cost of service is also approved. *See* [DE 8]. Although Plaintiffs had no obligation to seek an out-of-court settlement for the cost of service in order to avoid a Rule 4(d) motion, such a settlement is "preferable to motions from the perspective of judicial economy." *Bozell Group, Inc. v. Carpet Co-op of America Ass'n, Inc.*, No. 00-CV-1248, 2000 WL 1523282, at *1 (S.D.N.Y. Oct. 11, 2000). Granting this cost is consistent with the purpose of Rule 4 to impose costs on the Defendants when they fail to fulfill their duty to save costs. Had the Defendants voluntarily paid for the cost of service, the costs of this motion, as well as of the time and other resources of both parties and the Court would have been saved. In this case, the Defendant's claims of "good cause" are not supported by the facts or existing caselaw. Indeed, the relevant caselaw makes it abundantly clear that failing to waive service based upon the merits of the underlying case, or lack thereof, does not constitute good cause.

Reimbursement for the costs of the three telephone calls is denied. Rule 4(d) only allows the awarding of "*reasonable* attorney's fees" (emphasis added). I find that costs for leaving

messages with opposing counsel's offices ought not to be reimbursed as reasonable costs under Rule 4(d). Therefore, the motion for these costs is denied.

### III. CONCLUSION

In applying Fed. R. Civ. P. 4(d), I find no good cause for the Defendants' failure to waive service of process. Therefore, Plaintiffs are awarded the costs of service of process and reasonable attorney's fees as set forth above. The total costs awarded are $679.83. Therefore, it is hereby

ORDERED, that Defendants are to pay $679.83 in costs to the Plaintiff within ten (10) days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
November 20, 2006

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge