UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MIGUEL ESTRELLA and HIGINIO PENA,                    :
Individually and On Behalf of All Others             :
Similarly Situated,                                  :         06 Civ. 0717 (ADS) (AKT)
                                                     :
                                   Plaintiffs,       :
                                                     :
            - against -                              :
                                                     :
P.R. PAINTING CORP. and CAROLE ROOFING               :
AND PAINTING CORP.,                                  :
                                                     :
                                   Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AUTHORIZE NOTICE UNDER 29 U.S.C. § 216(b)**




**LEVY DAVIS & MAHER, LLP
880 Third Avenue
New York, New York 10022
(212) 371-0033**


Of Counsel:    Jonathan A. Bernstein (JB 4053)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO AUTHORIZE NOTICE UNDER 29 U.S.C. § 216(b)**

**Preliminary Statement**

The Fair Labor Standards Act gives this Court discretionary power to authorize the sending of notice of the pendency of this action to potential class members. Defendant's admissions that it compensated its employees for overtime hours at a rate lower than the rate the employees were paid for the first 35 hours in the workweek, together with plaintiffs' affidavits, satisfies the threshold showing that potential class members are "similarly situated" so as to warrant court-authorized notice.

**Statement of Facts**

This is an action to recover unpaid overtime premium pay under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs allege that they frequently worked in excess of forty hours in a single workweek but that they were not paid premium pay for such excess hours as required by 29 C.F.R. § 778.115.

Defendant's 30(b)(6) witness testified that the plaintiffs, union painters, were paid the collectively bargained journey person rate ($34.32 per hour) for the first 35 hours worked each workweek, the CBA market recovery rate ($20.00 per hour) for hours 36-40 each workweek, and 150% of the market recovery rate ($30.00 per hour) for all hours thereafter.

Defendant admits that it paid its employees as described above. Ex. 1 36:23-39:19. Defendant claims, however, that the pay practice (hereinafter the "Pay Practice") is permitted by the CBA and is accordingly lawful under the FLSA. Plaintiff disputes the contention that the CBA permits this practice and contends that the practice is unlawful whether or not tolerated by

the CBA.  The parties anticipate cross-motions for partial summary judgment with respect to the legality of the Pay Practice.

Defendant testified that it employed approximately 30-70 painters at any one time and that its workforce fluctuated as necessary.  Plaintiff accordingly estimates that approximately 100 persons worked, and were denied overtime pay, pursuant to the Pay Practice.

### Argument

Court-authorized notice to similarly situated persons in the early stages of the litigation is within this Court's discretion.  Hoffmann-LaRoche v. Sperling , 493 U.S. 165 (1989).  Early notice is favored because it "comports with the broad remedial purpose of the [FLSA] ... as well as with the interest of the courts in avoiding multiplicity of suits." Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335, 336 (2d Cir. 1979).

### I.   Standard for Authorizing Notice

Notice is appropriate upon a showing by plaintiffs that potential class members are similarly situated.  Realite v. Ark Restaurants Corp..,7 F. Supp. 2d 303, 307 (S.D.N.Y. 1998) (collecting cases); Roebuck v. Hudson Valley Farms, 239 F. Supp. 2d 234, 237 (N.D.N.Y. 2002); Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.).  Generally, only a "modest factual showing" that plaintiffs and others were victims of a common policy that violated the law is sufficient to demonstrate that plaintiffs and others are similarly situated.  Id. (collecting cases).  The Court need not and should not rule on the merits of plaintiffs' claims or defendant's defenses at this preliminary stage.  Id. (citing Jackson v. New York Telephone Co.,

163 F.R.D. 429, 431 (S.D.N.Y. 1995)).  Instead, the inquiry should be limited to whether the class is "properly constituted."  Id.

The "similarly situated" standard is significantly less demanding than are the Rule 23 requirements of adequacy, commonality, numerosity, etc.  Id.; see also Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353 (S.D.N.Y., 1999).

## II. Plaintiffs Have Sufficiently Shown That The Potential Class is Similarly Situated

### A. The "Market Recovery Overtime" Policy Is Unlawful

As noted, defendant paid its employees $34.23 per hour (the full CBA rate) for the first 35 hours worked per week, $20.00 per hour (the market recovery rate) for hours 36-40 each workweek and $30.00 per hour (150% of the market recovery rate) for all hours in excess of 40. Where hourly workers are paid at two or more rates, the regular rate of pay is a weighted average of the different rates and the overtime rate is accordingly 150% of the weighted average.  29 C.F.R. § 778.115.  Under that regulation, plaintiffs' regular rate of pay would be $32.53 per hour (rather than $20.00) and the overtime rate would be $48.795 per hour (rather than $30.00).

### B. Plaintiffs Have Adequately Shown That the Unlawful Policy Was Applied On a Class-Wide Basis

Plaintiffs' affidavits allege that defendant's employees are unaware that such comp time policies are unlawful, and that many, if not most, of defendant's employees lack sufficient resources to hire private counsel and would opt into this action if given the opportunity.  Ex. 3 ¶ 5. Courts regularly credit similar allegations on a motion for notice in the early stages of the

3

litigation.  See Hoffman, supra, Allen v. Marshall Field & Co., 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); Zhao v. Benihana Foods, Inc., 2001 U.S. Dist. LEXIS 10678 at *10, 6 Wage & Hour Cas. 2d (BNA) 1881 (S.D.N.Y. July 5, 2001); Roebuck, 239 F. Supp. 2d at 238.

Accordingly, plaintiffs respectfully submit that the class should be defined as "all persons who have been employed by P.R. Painting Corp. as painters at any time since February 18, 2003" and that all such persons should receive notice of their right to opt in to this action.

**III.   Notice And Consent Forms Should Issue in the Form Proposed**

The proposed notice and consent forms (Ex. 4-5) are similar to those that courts regularly approve in similar cases.  See, e.g., Hoffman, 982 F. Supp. at 263.

**IV.   The Notification Procedure Should Provide for Attempts to Locate Missing Class Members**

The notification procedure should anticipate the possibility that some class members may no longer reside at the addresses previously known to defendant, especially since some class members may have had no contact with defendant for three years.

Plaintiffs request that the Court designate a deadline for the filing of opt-in notices 150 days after the disposition of this motion.  See, e.g., Roebuck, 239 F. Supp. 2d at 241 (nine-month opt-in period).  One hundred fifty days is sufficient time for undeliverable mail to be forwarded or returned and for plaintiffs' counsel to research missing class members' current whereabouts.

**Conclusion**

For the foregoing reasons, plaintiffs respectfully request that this Court issue an Order authorizing plaintiffs to notify all persons who have been employed by P.R. Painting Corp. as painters at any time since February 18, 2003 of the pendency of this action and granting such other and further relief as to this Court may seem just, fair and equitable.

Dated: New York, New York
November 27, 2006

                 Respectfully submitted,

                 _____/s/_____

                 Jonathan A. Bernstein (JB 4053)
                 Levy Davis & Maher, LLP
                 880 Third Avenue
                 New York, New York 10022
                 Tel: (212) 371-0033

                 Attorneys for Plaintiffs

To: Gerald V. Dandeneau (GD 8316)
   Dandeneau & Lott, P.C.
   425 Brookhollow Road, suite 41-B
   Melville, New York 11747
   (631) 454-0606

   Attorneys for Defendants