**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MIGUEL ESTRELLA and HIGINIO PENA,

                        Plaintiffs,                                    **ORDER**

                - against -                                   CV 06-717 (ADS) (AKT)

P.R. PAINTING CORP. and CAROLE ROOFING
AND PAINTING CORP.,

                        Defendants.
---------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

By notice of motion dated December 19, 2006, Defendants move pursuant to Fed. R. Civ.

P. 60(b) and Local Civil Rule 6.3 for reconsideration of my November 20, 2006 Order directing

Defendants to pay costs in the amount of $679.83 for refusing to waive service of process,

without justification, in accordance with Fed. R. Civ. P. 4(d). In their motion, Defendants seek

reconsideration of the Court's November 20, 2006 Order "upon the grounds that the Defendants

do not constitute a joint or single employer for liability purposes" DE [24]. Plaintiffs' counsel

filed opposition on December 19, 2006 DE [26].

For the following reasons, Defendants' motion for reconsideration is DENIED.

I.      <u>STANDARD OF REVIEW</u>

A motion for reconsideration is appropriate where the moving party can point to

controlling decisions or data that the court overlooked that would have influenced the earlier

conclusion reached by the court. *Mickens v. United States*, No. 97-CV-2122, 2006 WL 2505252,

at *1 (E.D.N.Y. Aug. 28, 2006); *Alvarado v. City of New York,* No. 04-CV-2558, 2006 WL

2850602, at *1 (E.D.N.Y. Oct. 3, 2006); *see also* Local Civil Rule 6.3 (the motion must "set

forth concisely the matters or controlling decisions which counsel believes the court has overlooked").  The movant on a motion for reconsideration must demonstrate "the need to correct a clear error or prevent manifest injustice."  *Alvarado*, 2006 WL 2850602, at *1.  A motion for reconsideration is left to the sound discretion of the district court.  *See Metropolitan Opera Assoc. v. Local 100*, No. 00-CV-3613, 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004); *Bueno v. Gill*, 237 F. Supp. 2d 447, 449 (S.D.N.Y. 2002).

## II.    DISCUSSION

Fed. R. Civ. P. 60(b) provides, in pertinent part, that a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

As the Second Circuit has noted and this Court has cited, Rule 60(b) "allows extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances."  *Cole v. United States*, No. 98-CV-7670, 2006 WL 3257254, at *1 (E.D.N.Y. Sept. 25, 2006);  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  Defendants argue that my November 20, 2006 Order "granted a judgment in the amount of $679.83 jointly and severally against the Defendants."  Defts.' Mem. at 4.  Defendants argue that this was improper and requires

reconsideration because "there has been no showing of a single and/or joint employer status between the Defendants, and as such, there should be no joint and several liability for the judgment of service of process costs." *Id*. at 5.  In support, Defendants' counsel has appended the November 7, 2006 deposition testimony of Kenneth D. Romano, Defendant P.R. Painting Corp.'s Rule 30(b)(6) witness, who testified that the two named Defendants do not assign employees to do work for the other's company.  In opposition, Plaintiffs' counsel argues that Defendants' single/and or joint employer status is irrelevant for the purposed of Rule 4(d).  Pltfs.' Mem. at 3.

It is well-settled that on a motion for reconsideration a "party may not advance new facts, issues, or arguments not previously presented to the Court." *Sabbeth v. United States*, No. 04-CV-0105, 2006 WL 3095825, at *1 (E.D.N.Y. Oct. 20, 2006) (citing *National Union Fire Ins. Co., v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)).  Defendants raise the single and/or joint employer status for the first time in their motion for reconsideration.  Indeed, Defendants' counsel submitted Romano's November 7, 2006 deposition testimony for the first time as part of this motion for reconsideration.  Since no facts or arguments were previously made to the Court on this issue, they cannot now form a basis for reconsideration.  *See id.*

Further, as stated in my Order of December 6, 2006, the determination of whether a joint and/or single employer status existed is not germane to the issue of a waiver of service of a summons and complaint for purposes of awarding costs under Fed. R. Civ. P. 4(d).  Plaintiffs were required to effectuate personal service on both corporate Defendants, as evidenced by the two separate April 6, 2006 affidavits of service annexed to Plaintiffs' letter motion DE [8]. The costs awarded to Plaintiffs applied to both Defendants, not because any single and/or joint

employer status existed, but because both Defendants refused to waive service without a reason recognized in the Rules or applicable caselaw, thereby forcing Plaintiffs to incur costs in personally serving them.  Defendants offered no valid basis for refusing to execute a waiver of service.  Therefore, the imposition of costs was and is warranted.

Lastly, Defendants request that the $679.83 in costs be divided equally so that each Defendant is required to pay $339.91.  There is no legal basis to amend my Orders of November 20, 2006 and December 6, 2006 to that effect.  The Court notes that Plaintiffs were charged $125 to serve *both* Defendants and attorneys' fees were incurred based on the refusal of *both* Defendants to execute a waiver of service.  Defendants are free to voluntarily divide the costs equally among them, but that is their choice and does not alter the import of my prior Order on this issue.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

**SO ORDERED**.

Dated: Central Islip, New York
       January 19, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge