```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIGUEL ESTRELLA, HIGINIO PENA,
WALTER REDWOOD, WILLIAM SMITH, JUAN
TORRES, and PABLO TORRES, individually and
on behalf of all others similarly situated,              MEMORANDUM OF
                                                         DECISION AND ORDER
                           Plaintiffs,                   06-CV-717 (ADS)(AKT)

              -against-

P.R. PAINTING CORP., and KENNETH
ROMANO,

                           Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**Levy Davis & Maher LLP**
Attorneys for the Plaintiffs
29 Broadway, 9th Floor
New York, NY 10006
    By: Jonathan A. Bernstein, Esq., Of Counsel

**Dandeneau & Lott**
Attorneys for the Defendants
425 Broadhollow Road
Melville, NY 11747
    By: Gerald V. Dandeneau, Esq., Of Counsel

**SPATT, District Judge**.

    On December 14, 2007, Miguel Estrella and Higinio Pena, individually and on behalf of others similarly situated ("the Plaintiffs"), moved for summary judgment against P.R. Painting Corp. and P.R.'s President, Kenneth Romano (collectively "the

Defendants"), arguing that the Defendants failed to properly compensate employees for overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law § 651 et seq.. By Order dated September 16, 2008, the Court granted partial summary judgment in favor of the Plaintiffs on the issue of liability. Although the remaining issue of damages was scheduled to be tried, on October 28, 2008, the parties stipulated on the record to a judgment in the amount of $65,877.60.

On February 7, 2009, the Court issued an Order awarding the Plaintiffs' counsel, Levy Davis & Maher, attorneys' fees and costs in the amount of $72,825.38. On the same day, the Court issued a Judgment against the Defendants in the total amount of $140,408.58. Presently before the Court is a motion by the Defendants to stay enforcement of the Judgment pending the conclusion of the Defendants' appeal under Federal Rule of Civil Procedure 62(d). Although the Plaintiffs do not oppose the Defendants' motion, the Plaintiffs have requested that the Court stay the Judgment only if the Defendant posts a supersedeas bond in the amount of 110% of the Judgment or the sum of $154,449.43.

## II. DISCUSSION

**A.    Rule 62(d)**

Rule 62(d) provides simply that:

[i]f an appeal is taken, the appellant may obtain a stay by
supersedeas bond, except in an action described in Rule 62(a)(1) or

> (2). The bond may be given upon or after filing the notice of
> appeal or after obtaining the order allowing the appeal. The stay
> takes effect when the court approves the bond.

Where, as here, none of the exceptions in 62(a) are applicable, a "party seeking a stay of enforcement of a judgment pending appeal can obtain a stay as a matter of right under Rule 62(d) by posting a bond to secure the amount of the judgment." Pugach v. M & T Mortg. Corp., 2008 WL 2640465, at *1 (citing De la Fuente v. PCI Telecomm., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y.2003)). Here, the Defendants are entitled to a stay as a matter of right because they intend to post a supersedeas bond pursuant to Rule 62(d). "The supersedeas bond contemplated by Rule 62 must secure not only the total judgment, with costs and interest, but also any damages that may arise from the consequent delay in executing the judgment." Kazazian v. Bartlett & Bartlett LLP, 2008 WL 2477467, at *2 (S.D.N.Y. Jun. 19, 2008). Accordingly, the Court finds that the Plaintiffs' proposed bond amount of 110% of the Judgment, or the sum of $154,449.43, is reasonable.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Judgment entered against the Defendants on February 7, 2009 is stayed pending the determination of the Defendants' appeal, and it is further

**ORDERED**, that the Defendants are directed to post a supersedeas bond in the amount of $154,449.43 either upon filing their notice of appeal or after obtaining the order allowing the appeal, whichever is later.

**SO ORDERED.**

Dated: Central Islip, New York
       February 14, 2009

                                           */s/ Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                    United States District Judge